# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0446
Lower Tribunal No. 21-25722 CC
_____

**Quality Diagnostic Healthcare Inc., etc.,**
Appellant,

vs.

**The Responsive Auto Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Christian Carrazana, P.A., and Christian Carrazana, for appellant.

The Vaccaro Law Firm, P.A., and Charles L. Vaccaro (Davie), for appellee.

Before LINDSEY, LOBREE and BOKOR, JJ.

PER CURIAM.

Affirmed. All Fla. Sur. Co. v. Coker, 88 So. 2d 508, 510–11 (Fla. 1956) (explaining that absent fraud, material misrepresentation or the like, a signatory "cannot avoid the contract on the ground of mistake if he signs it without reading it, at least in the absence of special circumstances excusing his failure to read it"); Rodriguez v. Responsive Auto. Ins. Co., 48 Fla. L. Weekly D1557, at *4 (Fla. 3d DCA Aug. 9, 2023) (affirming summary judgment for insurer where insured filed materially false application but "[h]e did not attest that he apprised the agent of the correct information or was prevented or induced to refrain from reading the application" and concluding that the insured's "affidavit-based assertions, without more, were insufficient to override [the insured's] duty to learn the contents of the application prior to affixing his signature"); Kendall Imports, LLC v. Diaz, 215 So. 3d 95, 101 (Fla. 3d DCA 2017) (explaining that the fact that a contracting party did not read English "was insufficient to invalidate the documents or to constitute a defense to them, where [that party] did not allege or testify that the firm prevented her from reading the documents, induced her to refrain from reading them, or prevented her from having them read to her by a reliable person of her choice") (citing Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So. 2d 311, 311, 313 (Fla. 5th DCA 1985) ("If a person cannot read the instrument, it is as much his duty to procure some reliable person

2

to read and explain it to him, before he signs it, as it would be to read it before he signed it if he were able to do so . . . .")); <u>Alejano v. Hartford Accident and Indem. Co.</u>, 378 So. 2d 104, 105 (Fla. 3d DCA 1979) (holding that insurance company has no duty to explain coverage to an applicant "unless the applicant asks for an explanation" and that a party who signs an instrument "cannot deny its contents on the ground that he signed it without reading it unless he shows facts indicating circumstances which prevented his reading it") (citations omitted).